FILED
2026 Sep-08 AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**LEONARDO ADRIAN GONZALEZ,**
Petitioner,

**v.**

**CHANCE LEEDS,**
Respondent.

**Case No. 1:25-cv-1901-CLM-JHE**

# MEMORANDUM OPINION

Petitioner Leonardo Adrian Gonzalez has filed a 28 U.S.C. § 2254 petition challenging his state court murder conviction and sentence of 67 years' imprisonment. (Doc. 1). The magistrate judge has entered a report, recommending that the court dismiss Gonzalez's petition with prejudice as untimely. (Doc. 15). Gonzalez objects to the report and recommendation. (Doc. 16).

Gonzalez's objections do not challenge the magistrate judge's conclusion that his petition is time-barred and that the untimeliness of the petition cannot be excused by equitable tolling. Gonzalez instead argues that the court should excuse the untimeliness of his petition because he is actually innocent. (*See id.*). Actual innocence can overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). So habeas petitioners asserting actual innocence as a gateway to review time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not present at trial." *Id.* at 324.

This "standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *See id.* at 537.

Gonzalez claimed in his state court post-conviction proceedings that his trial counsel erred by failing to provide evidence to a forensic psychologist that would have been probative of his mental condition and that would have supported an insanity defense had the forensic psychologist reevaluated him. (*See* Doc. 15, p. 3; doc. 8-7, pp. 10–13). Rather than raising an insanity defense, Gonzalez says that he relied on an incomplete and inconclusive report from the forensic psychologist to unintelligently withdraw his plea of not guilty by reason of insanity. Gonzalez raised this same claim of attorney error in his § 2254 petition. (Doc. 1, pp. 9–12). Gonzalez's objections, however, assert for the first time that the evidence his attorney did not provide to the forensic psychologist—documented history of a prior diagnosis of manic depressive disorder, a diagnosis of myxedema hypothyroidism, and cell phone video footage—is newly discovered evidence that establishes actual innocence. (Doc. 16, pp. 4–5).

The court rejects Gonzalez's actual innocence argument for two reasons. First, Gonzalez's assertion that he is actually innocent is untimely. Although Gonzalez's petition discussed the facts that he says supports his actual innocence claim, Gonzalez did not raise an actual innocence defense to the statute of limitations in either his petition or reply brief. Gonzalez instead asserted that these facts supported his claim of ineffective assistance of counsel. The magistrate judge informed Gonzalez that his "[o]bjections should not contain new allegations, present additional evidence, or repeat legal argument." (Doc. 15, p. 10). And in this circuit, "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). The court exercises that discretion, declines to consider Gonzalez's actual innocence argument, and **OVERRULES** Gonzalez's objections.

Alternatively, the court finds that Gonzalez's actual innocence argument fails on the merits. The court assumes that a successful insanity defense would establish actual innocence to murder. *See McKinney v. Bolling*, 2020 WL 4530614, at *8 (N.D. Ala. Aug. 6, 2020) (noting that the Supreme Court and Eleventh Circuit haven't decided this issue but that the majority of circuits have determined that a complete affirmative defense, such as insanity, can meet the actual innocence standard). But none of the evidence Gonzalez points to satisfies the standard for actual innocence. Even if the evidence Gonzalez identifies could be characterized as newly discovered,[1] the court can only speculate on what effect this evidence would have had on the outcome of Gonzalez's state court proceedings. First, Gonzalez only guesses that the forensic psychologist might have changed her conclusion based on the evidence of his diagnoses and cell phone footage. Gonzalez does not point to anything in the record that shows what the forensic psychologist actually would have done.

Second, Gonzalez does not dispute the basic facts established at trial: that he drove from South Carolina to Alabama and killed his stepfather by stabbing him with scissors and a knife. (Doc. 8-3, p. 1). Gonzalez's trial defense was that he became involuntarily intoxicated due to a freon leak in his vehicle,

---

[1] There is a circuit split on whether the "new evidence" identified in an actual innocence argument must be "newly *discovered*, meaning it was not available or discoverable at the time of the trial" or "merely newly *presented*, meaning its availability or discoverability at the time of trial is irrelevant." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1151 n.132 (11th Cir. 2022). The Eleventh Circuit has "decline[d] to adopt either approach . . . ." *Id.*

Gonzalez's evidence would fail under the first approach. Gonzalez was tried and convicted in February 2021. (Doc. 1, pp. 1–2; doc. 8, p. 2). According to Gonzalez, the forensic psychologist evaluated Gonzalez in June 2019 and completed a written report in November 2019. (Doc. 16, pp. 4–5). The forensic psychologist knew about Gonzalez's manic depressive disorder diagnosis at the time of the evaluation; Gonzalez's counsel simply failed to provide the forensic psychologist with medical documentation that would substantiate the diagnosis. And Gonzalez was diagnosed with myxedema hypothyroidism in July 2019. (*Id.*, p. 4). Though defense counsel failed to provide this diagnosis to the forensic psychologist, both Gonzalez and defense counsel were aware of this diagnosis. (*See id.*). Finally, the cell phone video Gonzalez references was provided to defense counsel in discovery and disclosed to the forensic psychologist in August 2020. (Doc. 8-7, p. 10; doc. 16, pp. 4–5). Gonzalez alleges that defense counsel did not follow up with the forensic psychologist for a reexamination, not that this evidence was unavailable. (Doc. 16, pp. 4–5). Thus, all of the evidence Gonzalez has identified was available to him at the time of trial.

resulting in a psychotic break that caused him to kill his stepfather. (*Id.*). This defense, and therefore the entire trial, would have been altered by an insanity plea. Based on the record before the court, how a jury would have evaluated a hypothetical insanity defense bolstered by a hypothetical forensic psychological reevaluation is unknowable. Under this circumstance, the court cannot say that "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *See Schlup*, 513 U.S. at 327. So the court alternatively **OVERRULES** Gonzalez's objections on this basis.

—

Having considered the record, including the report and recommendation, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** his recommendation. The court will **DISMISS** Gonzalez's § 2254 petition **WITH PREJUDICE** on statute of limitations grounds.

Rule 11(a) of the Rules Governing Section 2254 cases requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Gonzalez's claims satisfy neither standard, so the court will not grant Gonzalez a certificate of appealability.

The court will enter a separate, final order that closes this case.

**DONE** and **ORDERED** on September 8, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE